[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  15-10320
_____

D.C. Docket No. 1:11-cv-23820-JJO

BANNING LARY, M.D.,
KATHERINE LARY,
as Successor Trustees of the Starbright Grantor Family Trust,
TODD LARY,
as Successor Trustees of the Starbright Grantor Family Trust,
SCOTT LARY,
as Successor Trustees of the Starbright Grantor Family Trust,
ELIZABETH LARY, et al.,

Plaintiffs–Counter-Defendants
Appellees–Cross-Appellants,

versus

BOSTON SCIENTIFIC CORPORATION,
a Delaware corporation,
BOSTON SCIENTIFIC SCIMED, INC.,
a Minnesota corporation,

Defendants–Counter-Claimants
Appellants–Cross-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(January 29, 2016)

Before WILSON and JULIE CARNES, Circuit Judges, and HALL,[*] District Judge.

PER CURIAM:

In 1991, Dr. Banning Lary and InterVentional Technologies ("IVT") entered into a Technology Transfer Agreement ("the Agreement") that, among other things, called for Dr. Lary to license patents to IVT that disclosed devices used to treat arterial blockage; in return, IVT agreed to pay royalties to Dr. Lary on the sale of certain products. Subsequently, Boston Scientific, the defendant in this action, acquired IVT, and Dr. Lary transferred his rights to royalties to the plaintiff, Starbright Grantor Family Trust. The Agreement provided that Defendant's obligation to pay Plaintiff royalties ended upon the termination of the Agreement. In 2011, a dispute arose between the parties as to when the Agreement would terminate, with Defendant contending that the Agreement ended in 2013 and Plaintiff arguing that termination would not occur until 2023.

Plaintiff sued, and Defendant counterclaimed. The district judge granted summary judgment to Plaintiff on Defendant's counterclaim (which ruling is not at issue in this appeal). With the parties' consent, the case was referred to Magistrate Judge John O'Sullivan to conduct all proceedings and enter final judgment.[1] The

---

[*] Honorable James Randal Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

[1] *See* 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73.

2

magistrate judge disposed of all remaining claims, as set out in pertinent part below.

On the parties' competing motions for summary judgment, the magistrate judge granted Defendant's motion to limit royalties to sales based on a particular product ("the Cutting Balloon") and granted Plaintiff's motion for summary judgment as to the termination date of the Agreement, holding that Defendant's obligation to pay Plaintiff royalties runs through December 4, 2023. In a separate order, the magistrate judge granted Plaintiff's Rule 11 motion for sanctions against Defendant, finding that Defendant's counterclaim was "objectively frivolous." As to the timing of the royalty payments, the magistrate judge orally ruled at a pretrial hearing that Plaintiff was entitled to a lump sum payment of anticipated royalties.

The parties then stipulated to the accuracy of Defendant's forecasts of Cutting Balloon sales through 2023: $16,603,000. However, unable to agree on the discount rate to be applied to those forecasts—that is, the percentage by which the damages figure should be reduced to convert it to present-day dollars—the parties agreed to a bench trial on this dispute. The magistrate judge thereafter issued an order accepting Defendant's expert's proffered discount rate of 11%.

The parties have cross-appealed most of the above rulings.[2]  Defendant appeals the rulings in favor of Plaintiff by the magistrate judge, as set out above; Plaintiff appeals the magistrate judge's ruling as to the discount rate to be applied to anticipated future sales revenue.

After a thorough review of the briefs and record, and with the benefit of oral argument, we affirm the magistrate judge's well-reasoned decisions on these matters.

**AFFIRMED.**

---

[2]  Plaintiff does not appeal the magistrate judge's ruling limiting royalties to sales of the Cutting Balloon product.